IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY A. ABBATIELLO,<br><br>    Plaintiff,<br><br>    v.<br><br>ABIGAIL M. LEGROW, et al.,<br><br>    Defendants. | Civ. No. 20-586-CFC |

**MEMORANDUM ORDER**

1. Plaintiff Anthony A. Abbatiello ("Plaintiff"), SBI #791624, a *pro se* litigant incarcerated at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. On May 27, 2020, the Court granted Plaintiff's request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and assessed the $350 filing fee and an initial partial filing fee of $23.68. (D.I. 7) The order referred to Plaintiff's average account balance of $27.12 for the six months preceding the filing of the complaint and the average monthly deposit of $118.43 for the six months preceding the filing of the complaint. The initial partial filing fee was based upon 20 percent of $118.43, the greater of Plaintiff's average monthly deposit and the average daily balance in the trust fund for the six months preceding the fling of the complaint.

2. In response to the order, Plaintiff submitted an authorization form authorizing deduction of the filing fee from his prison trust account. (D.I. 10) On June 23, 2020, Plaintiff filed a letter/motion requesting a correction of the authorization form.

1

(D.I. 11) Plaintiff believes the amount assessed is based upon "false facts." (*Id.* at 1) Plaintiff specifically refers to the $27.12 average account balance, claiming it is incorrect, and that the correct average account balance is $6.20, the amount that should have be assessed. (*Id.*) In support of his motion Plaintiff provided his four page inmate account summary and the JTVCC six month/average daily balance statement showing $27.12. (*Id.* at 5-9) Plaintiff is correct that the initial partial filing fee is incorrect, but not for the reasons he advances.

3. When Plaintiff initially submitted his prison trust account statement it was incomplete. (*See* D.I. 2) The prison trust account statement consists of four pages. The Court, however, was not provided with pages one through four. Instead, it was provided with two copies of page one and two copies of page two. The Court extended leniency to Plaintiff given his *pro se* status and calculated the average monthly deposit of $118.43 for the six months preceding the filing of the complaint based upon his incomplete prison trust account statement.

4. The Court did not reply upon the $27.12 average daily balance for the six months preceding the filing of the complaint as calculated by JTVCC because the calculated average monthly deposit amount of $118.43 was greater than the calculated $27.12 average daily deposit. *See* 28 U.S.C. § 1915 (The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the **greater of**-- (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account

for the 6-month period immediately preceding the filing of the complaint) (court's emphasis).   The May 27, 2020 Order provides in pertinent part:

> In evaluating the plaintiff's account information, the Court has determined that the plaintiff has an average account balance of $27.12 for the six months preceding the filing of the complaint.   The plaintiff's average monthly deposit is $118.43 for the six months preceding the filing of the complaint.   Accordingly, the plaintiff is required to pay an initial partial filing fee of $23.68, this amount being 20 percent (20%) of $118.43, the greater of his average monthly deposit and average daily balance in the trust fund account for the six months preceding the filing of the complaint.

(D.I. 9 at 2)

5.   As discussed above, in support of his motion Plaintiff resubmitted his prison trust account statement with a complete submission all four pages of the statement as should have been submitted initially.   (D.I. 11 at 6-9)   Based upon this correct submission, the Court recalculated Plaintiff's average monthly deposit.   The correct average monthly deposit amount is $216.72, **not** $118.43.   Unfortunately for Plaintiff, this does not work to his advantage.   As statutorily mandated, Plaintiff is required to pay an initial partial filing fee of **$43.34** (not $27.12 calculated based upon an incomplete submission), this amount being 20 percent (20%) of $216.72, the greater of his average monthly deposit (*i.e.*, $216.72) and average daily balance (*i.e.*, $27.12) in the trust fund account for the six months preceding the filing of the complaint.

6.   Accordingly, the Court will grant Plaintiff's motion to vacate the May 27, 2020 filing fee order found at Docket Item 9 but not for the reasons he advanced.   The Court will also strike the Authorization form found at Docket Item 10.

THEREFORE, IT IS ORDERED that;

1.   Plaintiff's letter/ motion (D.I. 11) is GRANTED to the extent that the May

27, 2020 filing fee order at Docket Item 9 is VACATED.

    2.    Plaintiff's signed authorization at Docket Item 10 is STRICKEN from the record.

                                                                                    _____
                                                                                   UNITED STATES DISTRICT JUDGE

Dated:  June 29, 2020
Wilmington, Delaware

4