IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY A. ABBATIELLO, | : |
| Plaintiff, | : |
| v. | : Civ. No. 20-586-CFC |
| ABIGAIL M. LEGROW, et al., | : |
| Defendants. | : |

Anthony A. Abbatiello, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

January 11, 2021
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Anthony A. Abbatiello ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3) Although the initial pleading invoked 42 U.S.C. § 1983, it appeared that Plaintiff actually sought habeas relief. As a result, the Court asked Plaintiff to clarify whether he sought relief under 42 U.S.C. § 1983 or 28 U.S.C. § 2254. (D.I. 7) On May 22, 2020, Plaintiff advised the Court that he wished the matter to proceed under 42 U.S.C. § 1983.[1] (D.I. 6 at 6) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 13) He has filed two motions to preserve evidence. (D.I. 5, 18) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

For purposes of this review and screening, the Court accepts as true the allegations in Plaintiff's Complaint. Plaintiff alleges that he was convicted of a May 9, 2015 robbery that he did not commit because he was in Philadelphia, Pennsylvania when the crime he was convicted of occurred in Delaware. (D.I. 3 at 8)

Plaintiff alleges that prior to his arrest, Defendant Delaware State Police ("DSP") Officer James P. Doherty obtained call detail records for Plaintiff's and his girlfriend's telephones. (*Id.*) Deputy Attorneys General Julie Finocchiaro and Kelly Breen provided

---

[1] Plaintiff explains that he is not challenging the constitutionality of his sentence or conviction, that the declaratory relief he seeks in this case will allow him to seek disciplinary and criminal charges against certain defendants, that the injunctive relief he seeks will prevent the destruction of cell phone records, and that a § 2254 petition is not appropriate because he has not yet exhausted his state court remedies. (D.I. 8)

Plaintiff's defense counsel with both sets of the call detail records, site maps, notice, and a report prepared by Brian Daly, an expert in cell site analysis. (*Id.* at 8-9)

During the first day of trial, Defendant Melissa Reed, a T-Mobile representative, certified that she transmitted to DSP Trooper Michael Campbell an accurate copy of the call detail records. (*Id.* at 9) Plaintiff alleges that this means the call detail records provided to defense counsel prior to trial were uncertified. (*Id.*) He also alleges that a second set of call detail records was not provided to the defense. (*Id.*)

Daly testified that there were two voice calls listed on Plaintiff's call detail records for May 9, 2015 and, if there were more calls, the calls would have been in Daly's report. (*Id.*) Plaintiff alleges that he called Louise Cuculino's phone that day and the calls showed on Cuculino's call detail records, but did not show on his. (*Id.* at 9) Plaintiff alleges that the trial court and the Delaware Supreme Court concluded that the cell phone records contributed to his conviction. (*Id.*)

Plaintiff alleges that post-trial he informed T-Mobile and Reed that he needed a copy of his phone records to prove his innocence, but they stonewalled him and then claimed the records were destroyed despite a T-Mobile policy that requires record retention for five to seven years. (*Id.* at 9-10)

Plaintiff alleges that Deputy Attorney General Matthew Keating claimed that the Attorney General's Office did not suppress any records and intentionally lied to the Court about the facts surrounding the call detail records. (*Id.* at 10) Plaintiff alleges that Judge Abigail Legrow lied about the facts in her opinion in order to protect the prosecutors and detectives in the case and this prevented Plaintiff from proving his innocence. (*Id.*)

Plaintiff alleges that all Defendants worked in concert to deprive him of his Fourteenth Amendment rights. He alleges that Delaware Attorney General Kathleen Jennings, DSP supervisor Nathaniel McQueen, T-Mobile, and Michael Siebert, the CEO of T-Mobile USA, have control over the records in possession of the agencies they represent. (*Id.*) Plaintiff states that he is accusing Defendants of lying about the call detail records, suppressing them, and preventing him from proving his innocence. (*Id.*)

Plaintiff seeks a declaration that Cuculino's call detail report indicates Plaintiff called her three times on May 9, 2015 and that Daly testified falsely about the number of calls placed from Plaintiff's phone on May 9th. (*Id.*) Plaintiff seeks injunctive relief in form of order for the Delaware Attorney General's Office and T-Mobile to produce and preserve all evidence and all May 9, 2015 phone records relating to his former telephone number.

## III.  LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93

3

(2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations"

4

are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Habeas Corpus

Although Plaintiff contends that he is not attacking his conviction or sentence, his allegations lead to a different conclusion. Notably, he advises the Court that he does not seek relief under 28 U.S.C. § 2254 because he has not yet exhausted his state court remedies.

To the extent Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v. Thompson*, 435 F. App'x 56 (3d Cir. 2011). A plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

In *Heck*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. "[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

6

First, Plaintiff has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck*. The Court takes judicial notice that on December 22, 2020, the Delaware Supreme Court affirmed the judgment of the Superior Court that denied Plaintiff's motion for postconviction relief.[2] *Abbatiello v. State*, No. 159, 2020, 2020 WL 7647926 (Del. Dec. 22, 2020) (table). In addition, the relief Plaintiff seeks, if granted, would necessarily demonstrate the invalidity of his confinement or its duration. Plaintiff repeatedly states that the information he seeks will prove his innocence. Accordingly, to the extent Plaintiff seeks relief based on his current confinement or its duration, the claim will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## B.     State Actors

Plaintiff raises his claims pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49.

---

[2] Plaintiff raised several issues in his motion for post-conviction relief, many of which mirror the claims in the instant Complaint including "that the State engaged in prosecutorial misconduct by presenting false expert testimony regarding the cell phone records; suppressing the cell phone records of Abbatiello's girlfriend, and objecting to the admission of those records on the basis that the records that defense counsel tried to use at trial were not authenticated, when the State purportedly possessed a certified copy of the records." *Abbatiello v. State*, 2020 WL 7647926, at *2.

7

Plaintiff names as defendants T-Mobile and two of its employees. There are no allegations that any of them are "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004). Moreover, T-Mobile is not a person within the meaning of § 1983. The claims against Siebert, Reed, and T-Mobile will therefore be dismissed as frivolous.

## C.     Judicial Immunity

Plaintiff alleges that Superior Court Judge Legrow, who authored the order denying Plaintiff's motion for postconviction relief, *see State v. Abbatiello*, 2020 WL 1847477 (Del. Super. Ct. Apr. 8, 2020), lied about the facts in her opinion in order to protect the prosecutors and detectives in the case and this prevented Plaintiff from proving his innocence.

"A judicial officer in the performance of h[er] duties has absolute immunity from suit and will not be liable for h[er] judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of h[er] authority; rather, [s]he will be subject to liability only when [s]he has acted 'in the clear absence of all jurisdiction.'" *Id.* (citations omitted).

Here the actions of Judge Legrow were taken in her capacity as a judicial officer, and there are no allegations that she acted in the absence of jurisdiction. The claim against Judge Legrow will therefore be dismissed based upon her judicial immunity.

### D. Prosecutorial Immunity

The Complaint names as Defendants Delaware Attorney General Jennings, and Delaware Deputy Attorneys General Finocchiaro, Breen, and Keating. Plaintiff alleges that Jennings has control over the records in possession of the Office of the Delaware Attorney General, that Finocchiaro and Breen provided Plaintiff's defense counsel with both sets of the call detail records, site maps, notice, and Daly's report, and that Keating, who represented the state during the postconviction proceedings before the Superior Court, claimed that the Attorney General's Office did not suppress any records and intentionally lied to the Court about the facts surrounding the call detail records.

A prosecutor enjoys absolute immunity from liability for actions taken in connection with judicial proceedings. *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008) (citations omitted), *aff'd sub. nom., Schneyder v. Smith*, 653 F.3d 313 (3d Cir. 2011). Prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution are immune to suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Actions taken in connection with judicial proceedings generally means activities conducted in court, such as presenting evidence or legal arguments. *Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994) (citing *Imbler*, 424 U.S. at 430). Only truly prosecutorial functions, and not administrative or investigative conduct, justify complete protection from suit. *See Fogle v. Sokol*, 957 F.3d 148 (3d Cir. 2020).

The claims against Jennings, Finocchiaro, and Breen do not rise to the level of constitutional violations. Rather they refer to Jennings' administrative duties regarding record retention, and the production of records and other evidence by Finocchiaro and Breen to Plaintiff's defense counsel. The allegations simply do not support a claim that

9

any of these defendants violated Plaintiff's constitutional rights. With regard to Keating, the Court takes judicial notice that he is listed as the attorney of record for the State during Plaintiff's State during postconviction proceedings. While Plaintiff takes exception to Keating's advocacy on behalf of the State, Keating, nonetheless, has prosecutorial immunity for actions taken by him in presenting evidence or legal arguments. Accordingly, the claims against Jennings, Finocchairo, Breen, and Keating will be dismissed.

### E.   Witness Immunity

Plaintiff alleges that Daly, an expert in cell site analysis, provided false testimony at Plaintiff's criminal trial. (*Id.* at 8-9) Daly, however, has witness immunity.

Witnesses are immune from § 1983 liability where the claim is based on allegations of perjury, either at trial or during pretrial proceedings. *See Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) ("[A] trial witness has absolute immunity [from suit under § 1983] with respect to any claim based on the witness' testimony."); *McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir. 1992) (witness immunity applies to testimony given at pretrial hearings as well as to trial testimony).

The claim against Daly fails as a matter of law and will be dismissed.

### F.   Delaware State Police Defendants

Plaintiff's allegations against DSP supervisor McQueen and DSP Officers Doherty and Campbell are insufficient to state a cognizable claim. With regard to McQueen, the allegations are simply that as supervisor of the DPS he has possession DSP records. With regard to Doherty and Campbell, the allegations are that Doherty obtained call detail records of the telephones of Plaintiff and his girlfriend and that an

accurate copy of the call detail records was provided to Campbell. Plaintiff alleges that the call detail records provided to defense counsel prior to trial were uncertified and that a second set of the call detail records were not provided to the defense. Plaintiff does not indicate who failed to provide the second set of call detail records to the defense, but normally evidence is provided by opposing counsel—in this case a Deputy Attorney General. Plaintiff alleges the call detail records prove his innocence.

It is well settled that prosecutors are entitled to absolute immunity from claims based on their failure to disclose exculpatory evidence, so long as they did so while functioning in their prosecutorial capacity. As explained by the Supreme Court explained in *Imbler*, the "deliberate withholding of exculpatory information" is included within the "legitimate exercise of prosecutorial discretion." *Imbler*, 424 U.S. at 431-32 n.34; *see also Smith v. Holtz*, 210 F.3d 186, 199 n.18 (3d Cir. 2000). Courts have held that prosecutors are entitled to immunity even when they withhold evidence after trial while the criminal conviction is on appeal. *See, e.g., Parkinson v. Cozzolino*, 238 F.3d 145, 152 (2d Cir. 2001) (explaining that "absolute immunity covers prosecutors' actions after the date of conviction while a direct appeal is pending"). Absolutely prosecutorial immunity bars this claim to the extent it is raised against the Delaware Attorney General or any of the Deputy Attorneys General.

Finally, the claims against Doherty and Campbell are time-barred. Plaintiff states that "post-trial" he informed T-Mobile and Reed that he needed a copy of his phone records in order to provide his innocence. (D.I. 3 at 10) Plaintiff's memorandum of law in support of his motion to preserve evidence filed contemporaneously with his Complaint indicates that Plaintiff wrote to T-Mobile on September 30, 2017 and

11

requested certified records of call detail history and history billing information to determine incoming and outgoing calls. (D.I. 6-1 at 351)

For purposes of the statute of limitations § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). Accordingly a court may dismiss a time-barred claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii).

The pleadings indicate that Plaintiff was aware of the claim by at least September 30, 2017 when he wrote to T-Mobile requesting certified copies of his phone records. He did not commence this action until April 28, 2020, some six months after the expiration of the limitations period. It is therefore evident that the phone records claim is barred by the two-year limitations period and all claims against Doherty and Campbell will be dismissed.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny as moot Plaintiff's motions to preserve evidence (D.I. 5, 18) and (2) dismiss the Complaint pursuant to 28 U.S.C. §§ 1915A(b)(i), (ii), and (iii) and 1915(e)(2)(B)(1) and (2). The Court finds amendment futile.

An appropriate order will be entered.